Joseph S. Davidson (Ill. Bar. No. 6301581)
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+ 1 630-575-8181
jdavidson@sulaimanlaw.com

*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Kenneth McMillan,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Specialized Loan Servicing LLC; Equifax Information Services LLC, and Trans Union LLC,<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *ET SEQ*.**<br><br>**2. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES, KENNETH McMILLAN, through counsel, Joseph S. Davidson of SULAIMAN LAW GROUP, LTD., complaining of SPECIALIZED LOAN SERVICING LLC; EQUIFAX INFORMATION SERVICES LLC AND TRANS UNION LLC., as follows:

## NATURE OF THE ACTION

1.Plaintiff seeks damages for Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## **PARTIES**

4. KENNETH McMILLAN ("Plaintiff") is a natural person, who at all times relevant resided in Tucson, Arizona.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

6. Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b).

7. SPECIALIZED LOAN SERVICING LLC ("SLS") is a corporation organized under the laws of Delaware.

8. SLS has a principal place of business at 8742 Lucent Boulevard, Suite 300, Highlands Ranch, Colorado 80129.

9. SLS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of SLS's business is the collection of debt.

10. SLS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

11. SLS is a "furnisher of information" as defined by 15 U.S.C. §1681s-2.

12. EQUIFAX INFORMATION SERVICES LLC ("Equifax") is a limited liability company organized under the laws of Georgia.

13. Equifax has a principal place of business at 1550 Peachtree Street, NW, Atlanta, Georgia 30309.

14. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

15. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

16. TRANS UNION LLC ("Trans Union") is a limited liability company organized under the laws of Delaware.

17.     Trans Union has a principal place of business at 555 West Adams Street, Chicago, Illinois 60661.

18.     Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

19.     Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

## FACTUAL ALLEGATIONS

20.     On January 11, 2008, Plaintiff executed a mortgage (the "Mortgage") in favor of Mortgage Direct, Inc.

21.     The Mortgage secured the purchase of Plaintiff's personal residence located at 3045 Hedgerow Lane, Homewood, Illinois 60430 (the "Property").

22.     The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $204,000.00 (the "Loan").

23.     On April 12, 2012, Mortgage Electronic Registration Systems, Inc., as nominee of Mortgage Direct, Inc. executed an assignment of mortgage in favor of Wells Fargo Bank, N.A.

24.     On June 15, 2016, Plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

25.     Simultaneously with the voluntary petition, Plaintiff filed his original Chapter 13 plan.

26.     Plaintiff's Modified Chapter 13 Plan, dated August 23, 2016, was confirmed on September 7, 2016 (the "Confirmed Plan").

27.     The Confirmed Plan provides:

> ■     **A check in this box indicates that the plan contains special provisions, set out in Section G.  Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

\*\*\*

**Section G.** *Special terms.*

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

***

**Special Terms** *[as provided in Paragraph G]*

1. Debtors are surrendering the real property located at 3045 Hedgerow Lane, Homewood, Illinois 60430 to Wells Fargo Bank, N.A. in full satisfaction of claims.

28. On May 18, 2017, the Bankruptcy Court entered an Order of Discharge for the benefit of Plaintiff under 11 U.S.C. § 1328(a).

29. Generally, a discharge removes the debtor's personal liability for debts provided for by the chapter 13 plan.

30. In January of 2018, servicing rights to Plaintiff's Mortgage were transferred to Defendant.

31. On September 11, 2019, Plaintiff obtained and reviewed his 3-Bureau Credit Report.

32. Plaintiff discovered SLS wrongly reported Plaintiff's "Current Balance" of "**$249847**;" "Monthly Payment" of "$**2012**;" and "Status" of "**120 days late**" to Trans Union.

33. Plaintiff discovered SLS wrongly reported Plaintiff's "Current Balance" of "**$252239**;" "Monthly Payment" of "$**2012**;" and "Status" of "**120 days late**" to Equifax.

34. Plaintiff discovered SLS wrongly reported Plaintiff's "Current Balance" of "**$249847**" and "Monthly Payment" of "$**2012**" to Experian.

35. Moreover, Plaintiff discovered SLS was not reporting Plaintiff's Mortgage as "Discharged in Bankruptcy."

36. On September 11, 2019, Plaintiff mailed a credit dispute letter to Equifax, Experian and Trans Union by First-Class Mail®.

37. Plaintiff's credit dispute letter voiced Plaintiff's concerns and requested Equifax, Experian and Trans Union review and correct SLS's inaccurate reporting.

38. Trans Union received and promptly notified SLS of Plaintiff's credit dispute by sending an automated consumer dispute verification form ("ACDV").

39. Equifax received and promptly notified SLS of Plaintiff's credit dispute by sending an ACDV.

40. Experian received and promptly notified SLS of Plaintiff's credit dispute by sending an ACDV.

41. On or around September 21, 2019, Trans Union mailed Plaintiff Investigation Results.

42. Plaintiff's Trans Union Investigation Results stated, in part:

**SPECIALIZED LOAN SVCG** #101811**** (PO BOX 266005, LITTLETON, CO 80163, (720) 241-7200)
We investigated the information you disputed and the disputed information was **VERIFIED AS ACCURATE**; however, we updated: **Balance, Date Updated; Last Payment Made; Past Due; Terms; Remarks; Rating**. Here is how this account appears on your credit report following our investigation.

**Balance:** $181,546
**Past Due:** >$102,067<
**Pay Status:** >Account 120 Days Past Due Date<
**Remarks:** DISP INVG COMP-RPT BY GRNTR; >FORECLOSURE INITIATED<

43. On or around September 24, 2019, Equifax mailed Plaintiff Dispute Results.

44. Plaintiff's Equifax Dispute Results stated, in part:

***>>> The information you disputed has been updated as well as other information on this item. Account # - 101811* The results are***: We verified that this item belongs to you. This account has been updated. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *ADDITIONAL INFORMATION. If you have additional questions about this item please contact: ***Specialized Loan Services, 8742 Lucent Blvd Ste 300, Highlands Ranch CO 80129-2386 Phone: (720) 241-7200***

**Balance Amount:** $181,546
**Amount Past Due:** $102,067
**Scheduled Payment Amount:** $2,012
**Status:** Over 120 Days Past Due Mortgage

**ADDITIONAL INFORMATION:** Foreclosure Process Started

45.   Notably, neither Plaintiff's Equifax nor Trans Union credit report referenced Plaintiff's bankruptcy discharge.

46.   In response to Plaintiff's dispute, Experian deleted this item from Plaintiff's credit report.

## DAMAGES

47.   Undeniably, inaccurate reporting of Plaintiff's Mortgage continues to portray an untruthful and damaging depiction of Plaintiff by producing a materially misleading impression that Plaintiff is obligated to SLS post-discharge.

48.   Inaccurate credit reporting has resulted in anxiety, expenditure of monies (in form of postage), expenditure of time, as well as mental anguish.

49.   Inaccurate credit reporting has rendered Plaintiff helpless to regain control of his credit standing and creditworthiness.

50.   As result, Plaintiff is forced to file this case to compel Defendants to report Plaintiff's accounts accurately.

## CLAIMS FOR RELIEF

### Count I:
### SLS's violation(s) of 15 U.S.C. § 1681 *et seq.*

51.   All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

52.   The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

**A.   SLS's failure to conduct an investigation**

53.   15 U.S.C. § 1681s-2(b)(1) provides

"[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(A) Conduct an investigation with respect to the disputed information;

(B) Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);

(C) Report the results of the investigation to the consumer reporting agency;

(D) If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

(i) Modify that item of information;

(ii) Delete that item of information; or

(iii) Permanently block the reporting of that item of information.

54. Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), SLS received Plaintiff's credit dispute from Equifax, Experian, and Trans Union.

55. SLS violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

56. SLS violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax, Experian, and Trans Union.

57. Had SLS conducted a reasonable investigation to determine whether the disputed information was inaccurate, SLS would have discovered that Plaintiff's Mortgage was discharged

in bankruptcy; and promptly modified those items of information, deleted those items of information or permanently blocked the reporting of that item of information.

58. SLS violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Equifax, Experian, and Trans Union.

59. SLS violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

60. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)    such amount of punitive damages as the court may allow; and

(3)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

61. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)    any actual damages sustained by the consumer as a result of the failure; and

(2)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

62. SLS's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A. find SLS in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

B. award any actual damages to Plaintiff as a result of SLS's violation;

C. award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D. award any punitive damages, as the Court may allow;

E. award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F. award such other relief as this Court deems just and proper.

### Count II
### Equifax's violation(s) of 15 U.S.C. § 1681 *et seq.*

63. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**A.      Equifax's failure to follow reasonable procedures**

64. The FCRA mandates "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

65. On multiple and numerous occasions, Equifax prepared patently inaccurate consumer reports concerning Plaintiff.

66. Despite actual notice, Equifax sold such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Plaintiff's creditworthiness.

67. Equifax violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

**B.     Equifax's failure to conduct a reasonable investigation**

68.     The FCRA mandates "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly *** the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer. 15 U.S.C. § 1681i(1)(A).

69.     The FCRA further mandates "[i]f, after any reinvestigation of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall – (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer. 15 U.S.C. §§ 1681i(5)(A)(i) and (ii).

70.     Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Equifax received Plaintiff's credit dispute.

71.     Equifax violated 15 U.S.C. § 1681i(a)(2) by failing to provide notification of the dispute to SLS before the expiration of the 5-business-day period beginning on the date on which Equifax received Plaintiff's credit dispute.

72. Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff before the end of the 30-day period beginning on the date on which Equifax received Plaintiff's credit dispute.

73. Equifax violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete that item of information from the file of Plaintiff, or modify that item of information, as appropriate, based on the results of the reinvestigation.

74. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

75. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

76. Equifax's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A. find Equifax in violation of 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4), and 1681i(a)(5)(A)(i).

B. award any actual damages to Plaintiff as a result of Equifax's violation;

C. award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D. award any punitive damages, as the Court may allow;

E. award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F. award such other relief as this Court deems just and proper.

## Count III
## Trans Union's violation(s) of 15 U.S.C. § 1681 *et seq.*

77. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**A. Trans Union's failure to follow reasonable procedures**

78. The FCRA mandates "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

79. On multiple and numerous occasions, Trans Union prepared patently inaccurate consumer reports concerning Plaintiff.

80. Despite actual notice, Trans Union sold such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Plaintiff's creditworthiness.

81. Trans Union violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

**B. Trans Union's failure to conduct a reasonable investigation**

82. The FCRA mandates "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly *** the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer. 15 U.S.C. § 1681i(1)(A).

83. The FCRA further mandates "[i]f, after any reinvestigation of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall – (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer. 15 U.S.C. §§ 1681i(5)(A)(i) and (ii).

84. Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Trans Union received Plaintiff's credit dispute.

85. Trans Union violated 15 U.S.C. § 1681i(a)(2) by failing to provide notification of the dispute to SLS before the expiration of the 5-business-day period beginning on the date on which Trans Union received Plaintiff's credit dispute.

86. Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff before the end of the 30-day period beginning on the date on which Trans Union received Plaintiff's credit dispute.

87. Trans Union violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete that item of information from the file of Plaintiff, or modify that item of information, as appropriate, based on the results of the reinvestigation.

88. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (B) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2) such amount of punitive damages as the court may allow; and

(4) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

89. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(3) any actual damages sustained by the consumer as a result of the failure; and

(4) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

90. Trans Union's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A. find Trans Union in violation of 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4), and 1681i(a)(5)(A)(i).

B. award any actual damages to Plaintiff as a result of Trans Union's violation;

C. award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D. award any punitive damages, as the Court may allow;

E. award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F. award such other relief as this Court deems just and proper.

**COUNT IV:**
**SLS's violation(s) of 15 U.S.C. § 1692 *et seq.***

81. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. § 1692e(8)**

82. Section 1692e provides:

> A debt collector may not use false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

93. SLS violated 15 U.S.C. § 1692e(8) by reporting Plaintiff's "Current Balance" of "**$249847**;" "Monthly Payment" of "$**2012**;" and "Status" of "**120 days late**" to Trans Union in spite of Plaintiff's bankruptcy discharge.

84. SLS violated 15 U.S.C. § 1692e(8) by reporting Plaintiff's "Current Balance" of "**$252239**;" "Monthly Payment" of "$**2012**;" and "Status" of "**120 days late**" to Equifax in spite of Plaintiff's bankruptcy discharge.

85. SLS violated 15 U.S.C. § 1692e(8) by reporting Plaintiff's "Current Balance" of "**$249847**" and "Monthly Payment" of "$**2012**" to Experian in spite of Plaintiff's bankruptcy discharge.

86. Moreover, SLS violated 15 U.S.C. § 1692e(8) by failing to notate Plaintiff's Mortgage as "discharged in bankruptcy" when furnishing information to Equifax, Experian and Trans Union

87. Plaintiff may enforce the provisions of 15 U.S.C. § 1692e(8) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)
    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that SLS violated 15 U.S.C. § 1692e(8);

B. award any actual damage sustained by Plaintiff as a result of SLS's violation pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E.    award such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: November 27, 2019                Respectfully submitted,

**KENNETH McMILLAN**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-581-5450
jdavidson@sulaimanlaw.com