Matthew A. Morr (Admitted *Pro Hac Vice*)
morrm@ballardspahr.com
Jillian L. Andrews (034611)
andrewsj@ballardspahr.com
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone:   602.798.5400
Facsimile:   602.798.5595
*Attorneys for Defendant Specialized Loan Servicing LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth McMillan,<br><br>          Plaintiff,<br><br>vs.<br><br>Specialized Loan Servicing LLC, et al.,<br><br>          Defendants. | CASE NO. CV-19-00555-TUC-DCB (LEAD CASE)<br><br>CASE NO. CV-20-00048-TUC-DCB (CONSOLIDATED CASE)<br><br>**SUPPLEMENT IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |
| Frances McMillan,<br><br>          Plaintiff,<br><br>vs.<br><br>Specialized Loan Servicing LLC, et al.,<br><br>          Defendants. | |

On March 9, 2020, the Court consolidated Kenneth McMillan and Frances McMillan's cases against Specialized Loan Servicing LLC ("SLS"). [ECF No. 25]. In that Order the Court instructed SLS to file a supplement to the Motion to Dismiss (previously only addressing Ms. McMillan's claim) in light of the McMillans' anticipated Amended Complaint. On March 16, 2020, the McMillans filed their Amended (Consolidated) Complaint. [ECF No. 26].

In the Amended (Consolidated) Complaint, Mr. McMillan brings one claim against SLS under 15 U.S.C. § 1692e(8) of the Fair Debt Collection Practices Act ("FDCPA") and

one claim against SLS under 15 U.S.C. § 1681s-2(b)(1) of the Fair Credit Reporting Act ("FCRA").  Ms. McMillan brings one claim against SLS under 15 U.S.C. § 1692e(8) of the FDCPA.  SLS requests that the Court dismiss Count IV, Mr. McMillan's FDCPA claim, and Count V, Ms. McMillan's FDCPA claim.  The previous Motion to Dismiss only addresses Ms. McMillan's FDCPA claim and now SLS seeks dismissal of Mr. McMillan's FDCPA claim on similar grounds.

Both of these claims fail to state a claim upon which this Court could plausibly grant relief.  The McMillans' FDCPA claims are both premised on the theory that SLS made allegedly false reports to the Credit Reporting Agencies ("CRAs").  In order to state a FDCPA claim, the McMillans must allege that SLS took some action to attempt to collect the debt beyond just credit reporting.  *See Carter v. Richland Holdings, Inc.*, No. 2:16-cv-02967-RFB-VCF, 2019 U.S. Dist. LEXIS 168010, *13 (D. Nev. Sept. 30, 2019) (holding that reporting to CRAs was not made in connection with collection of a debt and, therefore, plaintiffs had no claim under 15 U.S.C. § 1692e as a matter of law).

Despite multiple opportunities, the McMillans have never alleged that SLS took any action to collect payment on the Loan.  The McMillans have merely alleged that SLS reported information to the CRAs despite the fact that they both received bankruptcy discharges and SLS knew or should have known that they received bankruptcy discharges.  Furthermore, the McMillans have not alleged that SLS made these reports to the CRAs for any purpose, much less the purpose of collecting the Loan.

As explained in the Motion to Dismiss, reporting to the CRAs does not by itself violate the FDCPA because mere reporting is not a communication made in connection with the collection of a debt.  *See Carter*, 2019 U.S. Dist. LEXIS 168010, *13 ("[A] general accepted definition derived from other Circuit Court of Appeals is that 'for a communication to be in connection with the collection of a debt, an animating purpose of the communications must be to induce payment by the debtor."); *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 915 (8th Cir. 2014) (declining to adopt the position that any communication about a debt from a debt collector to a CRA is always intended to facilitate

collection, instead adopting animating purpose test). Because SLS never took any action to collect the Loan and its reporting to the CRAs does not constitute an attempt to collect the Loan, the Court should grant SLS's Motion to Dismiss as a matter of law.

Furthermore, Mr. McMillan's FCRA claim—which similarly alleges that SLS inaccurately reported information to the CRAs because it did not discover the Loan was discharged by Mr. McMillan's bankruptcy—supports dismissal of his FDCPA claim. Mr. McMillan cannot maintain a claim under both the FDCPA and the FCRA for the same alleged inaccuracies with respect to SLS's credit reporting because the basis for his FDCPA claim is not that SLS used the allegedly inaccurate credit reports in an attempt to collect the Loan but instead that he was harmed by inaccurate credit reporting.

## **MR. MCMILLAN'S FDCPA CLAIM**

Both Mr. McMillan and Ms. McMillan assert with respect to their FDCPA claims that SLS allegedly failed to report the discharge of their bankruptcy and as a result misreported the total loan amount owed, the payment amount, and the number of days the McMillans were late on their payments. Because these are essentially the same claim, both claims should be dismissed.

The McMillans' Amended (Consolidated) Complaint brings a claim against SLS for allegedly violating 15 U.S.C. § 1692e(8) of the FDCPA for both reporting and failing to report information to Equifax, Experian, and Trans Union. Mr. McMillan's theory is that SLS allegedly reported or failed to report the following information to the CRAs with respect to a $204,000 loan (the "Loan") secured by the property located at 3045 Hedgerow Lane, Homewood, Illinois 60430 (the "Property"): (1) reporting the Loan balance as $249,847 with a monthly payment of $2,012, and a status of 120 days late; (2) reporting a Loan balance of $252,239 with a monthly payment of $2,012, and a status of 120 days late; (3) reporting the Loan balance as $249,847 with a monthly payment of $2,012, and a status of 120 days late; and (4) failing to report the Loan was discharged in bankruptcy. Similarly, the Amended (Consolidated) Complaint brings one claim against SLS for allegedly violating 15 U.S.C. § 1681s-2(b)(1) of the FCRA for failing to conduct a reasonable

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

investigation that would have revealed the information he disputed with the CRAs was inaccurate or incomplete. Again, the FCRA claim centers entirely around the assertion that because SLS allegedly failed to report the Loan was discharged in bankruptcy, the reports to the CRAs inaccurate.

Similar to Ms. McMillan's FDCPA claim, Mr. McMillan provides a list of allegedly incorrect reports but never states any efforts by SLS to collect the Loan either by phone, email, letter, or any other form of communication. And as Mr. McMillan demonstrates, the appropriate way to contest the accuracy of his credit reporting is by filing a dispute notice pursuant to the FCRA.

## **CONCLUSION**

WHEREFORE, Defendant Specialized Loan Servicing LLC, requests that this Court enter an Order dismissing Plaintiffs' Claims IV and V of the Amended (Consolidated) Complaint with prejudice and providing for such other and further relief as this Court deems just and proper. Plaintiffs should not be permitted to amend their Complaint because they have had multiple opportunities to clarify their factual allegations and have not availed themselves of these opportunities. Given the factual allegations, they would not be able to remedy their deficient allegations through another amended complaint.

RESPECTFULLY SUBMITTED this 20th day of March, 2020.

BALLARD SPAHR LLP

By: /s/ Jillian L. Andrews
Jillian L. Andrews
Matthew A. Morr (Admitted *Pro Hac Vice*)
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
*Attorneys for Defendant Specialized Loan Servicing LLC*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of March, 2020, I electronically transmitted the foregoing document to the U.S. District Court for the District of Arizona Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/ Catherine M. Weber