Joseph S. Davidson (Ill. Bar. No. 6301581)
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+ 1 630-575-8181
jdavidson@sulaimanlaw.com

*Attorney for the Plaintiffs*

**UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

| | |
|---|---|
| Kenneth McMillan,<br><br>        Plaintiff,<br><br>  v.<br><br>Specialized Loan Servicing LLC; Equifax Information Services LLC and Trans Union LLC,<br><br>        Defendants. | Case No.  CV-19-00555-TUC-DCB (Lead Case)<br><br>Case No. CV-20-00048-TUC-DCB (Consolidated Case)<br><br>**RULE 26(f) REPORT** |
| Frances McMillan,<br><br>        Plaintiff,<br><br>  v.<br><br>Specialized Loan Servicing LLC,<br><br>        Defendant. | |

Plaintiffs, Kenneth McMillan and Frances McMillan ("Kenneth" individually, "Frances" individually, the "Plaintiffs" collectively), and Defendants, Specialized Loan Servicing LLC and Trans Union LLC ("SLS" individually, "Trans Union" individually, the "Defendants" collectively), through undersigned counsel, pursuant to this Court's March 6, 2020 ORDER SETTING RULE 16 SCHEDULING CONFERENCE [Doc. #24] as well as Fed. R. Civ. P. 26(f) hereby jointly submit this report.

    **1.**    **The names and telephone numbers for counsel who are appearing at the**

**Pretrial Scheduling Conference.**

| | |
|---|---|
| Joseph S. Davidson<br>SULAIMAN LAW GROUP, LTD.<br>2500 South Highland Avenue<br>Suite 200<br>Lombard, Illinois 60148<br>+1 630-581-5450<br>jdavidson@sulaimanlaw.com<br><br>*Counsel for Kenneth McMillan and Frances McMillan* | Jillian L. Andrews<br>BALLARD SPAHR LLP<br>1 East Washington Street<br>Suite 2300<br>Phoenix, Arizona 85004<br>+1 602-798-5400<br>andrewsj@ballardspahr.com<br><br>*Counsel for Specialized Loan Servicing LLC*<br><br>Miles Masog<br>William W. Drury, Jr.<br>RENAUD COOK DRURY MESAROS PA<br>1 North Central Avenue<br>Suite 900<br>Phoenix, Arizona 85004<br>+1 602-307-9900<br>mmasog@rcdmlaw.com<br>wdrury@rcdmlaw.com<br><br>*Counsel for Trans Union LLC* |

**2.     The nature of the case, setting forth the factual and legal basis of plaintiff's claims and defendant's defenses.**

Plaintiffs: On September 5 2019, Frances obtained her 3-Bureau Credit Report from Trans Union. On September 11, 2019, Kenneth obtained his 3-Bureau Credit Report from Trans Union. Notwithstanding Frances' Chapter 13 bankruptcy discharge, SLS (1) reported Frances' Loan balance as "$264,320" to Equifax, Experian and Trans Union; (2) reported Frances' Loan monthly payment as "$2,430" to Equifax, Experian and Trans Union; and (3) reported Frances' Loan status as "120 days late" to Equifax and Trans Union. Likewise, notwithstanding Kenneth's Chapter 13 bankruptcy discharge, (1) SLS reported Kenneth's Loan balance as $249,847" to Experian and Trans Union and $252,239" to Equifax; (2) reported Kenneth's Loan monthy payment as "2,012" to Equifax, Experian and Trans Union; and (3) reported Kenneth's Loan status as "120 days late" to Equifax and Trans Union. Moreover, SLS failed to notate Plaintiffs' Loan as "discharged in bankruptcy" to Equifax,

Experian, and/or Trans Union. Accordingly, in the course of providing information to the credit reporting agencies regarding Plaintiffs' Loan, SLS violated § 1692e(8).

Kenneth claims SLS violated Section 1681s-2(b) by: (1) failing to conduct an investigation with respect to the disputed information being reported on the SLS tradeline, after receiving a request to do so from Equifax and Trans Union; (2) failing to review all relevant information provided by Equifax and Trans Union; (3) failing to modify, delete, or permanently block the inaccurate information on Kenneth's consumer reports; and (4) failing to report the results of its investigation or reinvestigation to Equifax and Trans Union after being put on notice and discovering inaccurate reporting of the subject timeshare account. Additionally, Kenneth claims SLS violated Section 1681i(a)(1) by failing to conduct a reasonable reinvestigation of its reporting on the subject timeshare account within 30 days of receiving notice of his dispute.

Kenneth claims Trans Union violated Section 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Kenneth. Kenneth claims Trans Union violated Section 1681i(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Trans Union received Kenneth's dispute. Kenneth claims Trans Union violated Section 1681i(a)(2) by failing to provide notification of Kenneth' dispute to SLS before the expiration of the 5-business-day period beginning on the date on which Trans Union received Kenneth' dispute. Kenneth claims Trans Union violated Section 1681i(a)(4) by failing to review and consider all relevant information submitted by Kenneth before the end of the 30-day period beginning on the date on which Trans Union received Kenneth' dispute. Kenneth claims Trans Union

violated Section 1681i(a)(5)(A) by failing to promptly delete that item of information from the file of Kenneth, or modify that item of information, as appropriate, based on the results of the reinvestigation.

SLS: SLS denies that it has any liability to Plaintiffs. Plaintiffs have not alleged that SLS took any action to collect payment on the Loan in violation of the Fair Debt Collection Practices Act ("FDCPA"). SLS reported to Trans Union, Equifax, and Experian the status of a $204,000 loan (the "Loan") secured by the property located at 3045 Hedgerow Lane, Homewood Illinois, 60430 (the "Property"). Plaintiffs surrendered the Property to the prior loan holder, Wells Fargo Bank, N.A., in their bankruptcy. Plaintiffs did not oppose the lift of the stay to allow the holder of the Loan to foreclose. Any foreclosure of SLS's interest did not constitute an attempt to collect Plaintiffs' debt, given that Plaintiffs had surrendered and abandoned the Property. Further, any alleged violations of the FDCPA were not intentional and instead resulted from bona fide error notwithstanding SLS's procedures which are reasonably adopted to avoid any such error.

Plaintiffs also raise a claim under the Fair Credit Reporting Act ("FCRA"), but SLS did not report any inaccurate information regarding the Loan. Rather, once SLS received dispute notices from the CRAs, it fully complied with its obligations under 15 U.S.C. § 1681s-2(b). Under the FCRA, SLS can only be held liable if it reported inaccurate information, receives a dispute notice form a CRA regarding its reporting, and fails to timely investigate and respond to the dispute notice. Here, SLS accurately reported Mr. McMillan's account, conducted a reasonable investigation and reviewed all relevant information provided by the CRAs, and timely reported the results of said investigation in response to the dispute notice. SLS had no reason to believe that its information pertaining to the Loan was incomplete or inaccurate.

Trans Union: As discovery has yet to commence, Trans Union cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiffs. Upon

information and belief, Trans Union has accurately reported credit information pertaining to the Plaintiffs. Further, Trans Union properly investigated Plaintiffs' disputes as required by the FCRA, updated the information as appropriate, and timely reported the results of those investigations to Plaintiffs. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiffs in preparing consumer reports related to Plaintiffs. Trans Union accepted information regarding Plaintiffs from reliable sources. Trans Union may reasonably rely upon the creditor, the party actually responsible for the reinvestigation under 1681 s-2(b). Trans Union has not acted with malice, negligent, willful or reckless intent to harm Plaintiffs, nor with reckless or conscious disregard for the rights of Plaintiffs, and Trans Union has fully complied with the FCRA. Trans Union will also show that any alleged damage suffered by Plaintiffs was not caused by Trans Union.

In addition, at this time Trans Union does not have knowledge or possession of facts or documents controlled by the Plaintiffs and Specialized Loan Servicing LLC. Therefore, this statement is based on the facts known by Trans Union at this time. Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

**3.    The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulations or motions.**

(1) Whether Plaintiffs found an inaccuracy on their credit report; (2) Whether Kenneth notified Equifax, Experian and/or Trans Union; (3) Whether SLS was notified by Equifax, Experian and/or Trans Union. of Kenneth's dispute(s); (4) Whether SLS accurately furnished account information to Equifax, Experian and/or Trans Union; (5) Whether Trans Union maintained and followed reasonable procedures designed to ensure maximum possible accuracy in accordance with 15 U.S.C. § 1681e(b); (6) Whether SLS and/or Trans Union conducted a reasonable investigation in response to Kenneth's dispute(s); (7) Whether any failure to conduct a reasonable reinvestigation

or maintain reasonable procedures was willful or negligent; (8) Whether reporting of debt to a credit reporting agency constitutes "collection activity"; (9) Whether Plaintiffs sustained damages attributable to SLS and/or Trans Union's alleged violations?

**4.     The jurisdictional basis of the case, citing specific statutes.**

28 U.S.C § 1331; 15 U.S.C. § 1681p; 15 U.S.C. § 1692k(d).

**5.     The parties, if any, that have not been served or any joinder or additional parties.**

None.

**6.     The names of parties not subject to the Court's jurisdiction.**

None.

**7.     Whether there are dispositive or partially dispositive motions to be decided by pre-trial motions.**

SLS's pending Fed. R. Civ. P. 12(b)(6) Motion to Dismiss counts IV and V of Plaintiffs' Complaint.

Trans Union anticipates filing a Motion for Summary Judgment and Motion in Limine.

**8.     Whether the case is suitable for reference to arbitration, to a master, or to a magistrate for trial.**

No.

**9.     The status of related cases pending before other judges of this court or before other courts.**

None

**10.    The date(s) of the parties' responses to the MIDP discovery requests, and a discussion of the parties' compliance to date with the MIDP, including: a description of the Rule 26(f) discussions of the mandatory initial discovery responses and the resolution of any limitations invoked by any party in its response, as well as any unresolved limitations or other discovery issues; the initial and supplemental responses and any other discovery requests, objections, and responses involved in any unresolved limitations or discovery issues, and the parties should be prepared to discuss resolution of any limitations invoked by any party. General Order § A(9).  The Court shall set a deadline, if necessary, for supplementing MIDP responses to resolve any compliance issues to date.**

Plaintiffs: January 27, 2020

SLS: February 18, 2020.  SLS timely produced all ESI identified in its MIDP initial responses on April 3, 2020.  Given the large number and inclusive nature of documents produced, SLS does not anticipate the need to supplement its MIDP responses in the future, but will fully comply with its obligation to do, should the need arise.

Trans Union: January 23, 2020

No unresolved limitations.

**11.    Proposed deadlines for discovery, which shall also be the deadline for final supplementation of MIDP responses pursuant to General Order § A(8); filing dispositive motions, and a proposed pre-trial order statement.**

Discovery: January 12, 2021

Dispositive Motions: February 11, 2021

Proposed Pre-Trial Order Statement: May 13, 2021

**12.    Estimated date that the case will be ready for trial and the estimated length of trial.**

May 30, 2021; 2 to 3 days.

**13.    Whether a jury trial has been requested.**

Yes.

**14.    The prospects for settlement, including whether any party wishes to have a settlement conference with another judge or magistrate and how settlement efforts can be assisted.**

Plaintiffs and Trans Union are engaged in promising settlement discussions.  Plaintiffs and SLS are not engaged in settlement discussions at this time. Plaintiffs recommend settlement conference with magistrate at discovery deadline.

SLS agrees that it is not currently engaged in settlement discussions with Plaintiffs, and at this time does not object to settlement conference with a magistrate judge at the close of discovery, but reserves the ability to object to such a conference at that time.

**15.    In class actions, the proposed dates for class certification proceedings and other class issues.  Such certification will result in the case being reassigned to the complex track**

**for case management purposes.**

N/A

**16.    Any unusual, difficult, or complex problems affecting the conduct of the case. If the parties believe that discovery will require more than six months, counsel MUST provide an explanation showing why, in the instant case, a lengthier period for discovery is necessary and essential; and**

None.

**17.    Any other matters which counsel feel will aid the Court in expediting the disposition of this matter efficiently.**

None.

DATED: April 9, 2020                                Respectfully submitted,

<u>/s/ Joseph S. Davidson</u>                              <u>/s/ Jillian L. Andrews</u>

Mohammed O. Badwan                          Jillian L. Andrews
Joseph S. Davidson                                 BALLARD SPAHR LLP
SULAIMAN LAW GROUP, LTD.            1 East Washington Street
2500 South Highland Avenue                 Suite 2300
Suite 200                                                 Phoenix, Arizona 85004
Lombard, Illinois 60148                          +1 602-798-5400
+1 630-575-8180                                    andrewsj@ballardspahr.com
+1 630-581-5450
mbadwan@sulaimanlaw.com                Matthew A. Morr
jdavidson@sulaimanlaw.com                 BALLARD SPAHR LLP
                                                              1225 17th Street
*Counsel for Kenneth McMillan and Frances*   Suite 2300
*McMillan*                                                Denver, Colorado 80202
                                                              +1 303-299-7366
                                                              morrm@ballardspahr.com

                                                              *Counsel for Specialized Loan Servicing LLC*

                                                              <u>/s/ Miles Masog</u>

                                                              Miles Masog
                                                              William W. Drury, Jr.
                                                              RENAUD COOK DRURY MESAROS PA
                                                              1 North Central Avenue
                                                              Suite 900
                                                              Phoenix, Arizona 85004
                                                              +1 602-307-9900
                                                              mmasog@rcdmlaw.com

wdrury@rcdmlaw.com

*Counsel for Trans Union LLC*